**Pich HEANG, Petitioner,**

v.

**John ASHCROFT, Attorney General, Attorney General, Respondent.**

No. 02–74147.

United States Court of Appeals, Ninth Circuit.

Submitted March 31, 2004.*

Decided April 16, 2004.

Joseph L. Feldun, Esq., Orit Levit, Korenberg, Abramowitz & Feldun, Sherman Oaks, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Douglas E. Ginsburg, John M. McAdams, Jr., Nelda C. Reyna, Esq., Michelle Thresher, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HALL, TROTT, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Petitioner Pich Heang appeals the Board of Immigration Appeals' ("BIA") denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We affirm.

Where, as here, the BIA affirms the Immigration Judge's ("IJ") decision without issuing an opinion, we review the IJ's ruling for substantial evidence. *He v. Ashcroft*, 328 F.3d 593, 595–96 (2003). The decision must be upheld unless the evidence would compel a reasonable adjudicator to reach a contrary result. 8 U.S.C. § 1252(b)(4)(B).

The IJ's adverse credibility determination is adequately supported by substantial evidence. Heang failed to meet his burden of establishing that he is eligible for asylum.

Because he is not eligible for asylum, Heang necessarily fails to satisfy the more stringent standards for establishing eligibility for withholding of removal and relief under the CAT. *Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir.2000); 8 CFR § 208.16(c)(4) (requiring that it be "more likely than not" that the respondent will be

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

subject to torture upon his return in order to qualify for relief under the CAT).

**PETITION DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.